## W. H. SHAW v. W. A. THREADGILL.

### Decided January 14, 1909.

**1.—School Land—Contract to Procure Award.**

Evidence considered and held to show a contract by plaintiff with reference to school land, not only to dispose by litigation of the rights of an adverse claimant, but to procure for defendant an award of the same to defendant as a purchaser, which latter undertaking not being complied with, plaintiff could not recover the agreed compensation.

**2.—Same—Pleading.**

Where the suit was for agreed compensation for an undertaking to procure an award of school land to defendant, it was not admissible to introduce

in evidence a deed from defendant to an adverse claimant of the land in compromise of their claims, as proof that an interest in the land had been obtained for defendant.

Appeal from the County Court of Tom Green County. Tried below before Hon. Milton Mayes.

*Brightman & Upton,* for appellant.

*C. E. Dubois,* for appellee.

HODGES, ASSOCIATE JUSTICE.—This suit was filed in the Justice Court of Precinct No. 1 of Tom Green County by the appellee to recover the sum of $200 for legal services alleged to have been rendered the appellant under a contract by which the former undertook to procure a title for the latter to four sections of school land. There was a trial in the Justice Court, resulting in a judgment in favor of the appellee for $200, from which the appellant took an appeal to the County Court, where judgment was again rendered for the same amount. From that judgment this appeal is prosecuted.

The first assignment of error complains of the refusal of the court to instruct a verdict in favor of the appellant. In support of this assignment it is urged that the appellee having pleaded and proven a contract by the terms of which he was to receive the sum sued for in consideration of his successfully procuring for the appellant, Shaw, the four sections of school land referred to in the evidence and described in the pleadings, and the undisputed evidence showing that he did not perform the contract which he undertook, no right of recovery is shown. The pleadings were oral. The transcript from the Justice Court shows the following entries: "Suit upon a contract $200; plaintiff's demand being for the sum of $200 on a contract for legal services as an attorney at law in procuring for the defendant, W. A. Shaw, four sections of school land situated in Coke County, Texas, as follows:" (Then follows a description of the lands involved in this controversy.) Upon the trial in the County Court the plaintiff testified substantially as follows: That he was an attorney at law at the time of his employment by the appellant, and was engaged especially in the business of locating settlers on State school land and representing such settlers in school land litigation, and in procuring school land for actual settlers. He was employed by the appellant to procure for him the lands described in the petition in this case. Shaw, the appellant, had previously located upon the land, which was situated in Coke County, and had given him what purported to be the facts in his case. Appellee told Shaw, basing his opinion upon the facts as detailed by the latter, that he thought Shaw would be entitled to the land if he had filed on it. Shaw then asked him what his charge would be for assisting him in procuring the land. In reply he told Shaw that he would take his case for a fee of $200 contingent upon his success; that if he succeeded he was to get the $200 for services, for making out his application, directing him how to comply with the law and otherwise assisting him in procuring the land; if he did not succeed he was not to get anything.

At the time Shaw engaged his services as above mentioned, the land was held by George March, who had applied to purchase it and had received the award from the Commissioner of the General Land Office. Shaw accepted the appellee's offer, and appellee thereafter prepared Shaw's applications and forwarded them to the Commissioner of the Land Office. These were rejected for the reason that the land had been previously sold to George March. The appellee thereafter assisted in the bringing of a suit against March, which resulted in a recovery of the land by Shaw as against March; from which judgment an appeal was taken, which resulted in an affirmance of the judgment of the court below. On cross-examination appellee stated that after the judgment against March had been rendered the Commissioner of the General Land Office cancelled the sale to March, and he understood that the land was awarded to old man Runnells. He did not think Shaw ever received an award of the land. The appellant testified substantially to the following facts, in which there was no contradiction: "Prior to the time I filed on the four sections of land set out and described in plaintiff's cause of action I met the plaintiff and he told me that he would get me the four sections of land for $200. He was to get me the land from George March for this fee, and he was to get the Land Commissioner to award me the land before I paid him anything. I was to pay him the $200, or $50 per section, after he had got the title to the land for me and after he had it awarded to me. I went ahead and had the suit brought against George March after my applications had been rejected, and got judgment against March; but after obtaining this judgment the Commissioner refused to sell the land to me, saying it was under lease at the time I filed on it and therefore was not subject to sale to anybody but George March, who was the assignee of the lease. He awarded the land to old man Runnells on his application made after the lease had expired, and rejected my application." Other facts concerning what took place between the appellee and the appellant were testified to by this witness, in which he was contradicted and which we deem it unnecessary to state.

From the pleadings as set out in the transcript there can be no doubt about this being an action on an express contract, by the terms of which the appellee undertook for a contingent fee "to procure" for the appellant the four tracts of land referred to. At the time the contract was made the State owned the land, but, under conditions which the parties before the court deemed insufficient in law to justify it, the Commissioner of the General Land Office had awarded the sale of the lands to George March. Over the objection of the appellant the appellee was permitted in the trial below to introduce in evidence a quitclaim deed to the land in controversy from Shaw to March, in which the consideration of $3,250 was recited as having been paid by March to Shaw. It is contended by appellee that this instrument is evidence of the fact that he had performed such legal services under his contract as enabled Shaw to fix a claim upon the land which he sold for the sum mentioned, and this is relied upon as showing the accomplishment of the results undertaken by the appellee in his contract to procure the land. Shaw testified, and upon this

point was not contradicted, that this deed was a mere quitclaim and was executed by him about four years after the suit began with March; that during that time he had been kept out of the possession of the land by March by sequestration proceedings; that at the time the deed was made he was threatening suit for damages against March for the sum in excess of that mentioned in the deed, on account of having been so dispossessed; that he had agreed to release his claim for damages, and execute the deed introduced, as a compromise; that the principal consideration for the payment of the $3,250 was the release of his claim for damages.

The right of the appellee to recover in this action must depend upon his showing that he performed his part of the contract. If the defeat of the claim urged by March was a full performance, such as was in contemplation of the parties when the contract was made, then he is entitled to recover. But if he was to do more, that is, as testified by Shaw, to procure the land from the State also, he is not entitled to a judgment. We think the contract clearly shows that the object which the appellee undertook to accomplish and upon the successful performance of which the payment of his fee was made to depend meant the ousting of March as a purchaser from the State and also having the award made to the appellant, Shaw. No other inference can be drawn from the terms of the contract, as it is testified to by the appellee himself, and from the conditions under which it is made. That he contemplated the performance of the particular service is shown by the fact that he, immediately upon his employment, began his efforts to have the award made by the Commissioner to Shaw. If that was no part of his duty under the contract, then why did he undertake it? If it was a part of his duty he failed to accomplish it, and therefore did not earn his fee under the contract. We think the court erred in refusing to give the special charge requested. This also disposes of the sixth and seventh assignments. We think the court erred in admitting in evidence the quitclaim deed from Shaw to March.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*